UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOINT REPLACEMENT SURGEONS OF INDIANA, LLP and E. MICHAEL KEATING, M.D.,<br>            Plaintiff,<br><br>   vs.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:07-cv-0020-RLY-TAB |

**ENTRY ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

This matter is before the court on the Motion to Strike Defendant's Counterclaim for Declaratory Judgment filed by Plaintiffs, Joint Replacement Surgeons of Indiana, LLP ("JRSI") and E. Michael Keating, M.D. ("Dr. Keating"), (collectively "Plaintiffs"). The court, having considered the Plaintiffs' motion, the applicable law, and being otherwise duly advised, now **DENIES** said motion.

**I.     Background**

On September 7, 2004, Kenneth Kinman, a surgical technologist, suffered bodily injury while assisting Dr. Keating with a medical procedure he was performing on a patient. Kinman subsequently filed a personal injury lawsuit against Plaintiffs in the Marion Superior Court ("Kinman Lawsuit"). Plaintiffs referred the claim to their insurance company, Travelers Indemnity Company of Connecticut ("Travelers") and

were denied coverage. Travelers claims Plaintiffs are not entitled to insurance coverage in the Kinman Lawsuit or to reimbursement for their defense costs in defending the Kinman Lawsuit.  Plaintiffs therefore filed the instant Complaint for Declaratory Judgment seeking, *inter alia,* a declaration that Travelers must defend Plaintiffs in the underlying Kinman Lawsuit.

On March 22, 2007, Travelers filed a Counterclaim for Declaratory Judgment asking the court to find it has no duty to defend or indemnify Plaintiffs.  Plaintiffs now move to strike Travelers' Counterclaim for Declaratory Judgment pursuant to Federal Rules of Civil Procedure 12(f).

This lawsuit is within the court's original jurisdiction based on diversity of citizenship of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (a)(2).

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 12(f), a court may order stricken from a pleading any redundant, immaterial, or impertinent matter. Generally, motions to strike are disfavored and are therefore typically denied.  *Magnavox Co. v. APF Electronics, Inc.,* 496 F. Supp. 29, 35 (N.D. Ill. 1980).  "The party moving to strike has the burden of showing that the 'challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'"  *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (*quoting Carroll v. Chicago Transit Auth.*, No. 01 C 8300, 202 WL 206064, at *1 (N.D.

Ill. Feb. 8, 2002)). The decision whether to grant a motion to strike is within the court's discretion. *Id* (*citing Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613 (1st Cir. 1988)).

Plaintiffs contend Travelers' Counterclaim for Declaratory Judgment is merely a restatement of Affirmative Defenses 2, 3, and 4 found in Travelers' Answer. These affirmative defenses allege the Plaintiffs wrongfully refused to allow Travelers to provide a defense under a reservation of rights and have therefore waived their right to seek any claim for reimbursement of the defense costs for the Kinman Lawsuit.

Travelers argues the Counterclaim for Declaratory Judgment is necessary in order to properly adjudicate this case for three reasons: (1) To ensure that all parties in the present and underlying Kinman Lawsuit are before the court; (2) To bring Kinman's underlying complaint and all other necessary documents before the court; and (3) It is required by Indiana law governing the obligations of insurers.

The court finds the third reason citing Indiana law to be the most persuasive. Indiana law provides that when an insurer questions whether the insured party is covered under the purchased policy or raises a defense that its insured has breached a policy condition, the insurer has two options: either file a declaratory judgment action or defend under a reservation of rights. *Gallant Ins. Co. v. Wilkerson,* 720 N.E.2d 1223, 1227 (Ind. Ct. App. 1999). An insurer's refusal to defend may lead to the insurer being estopped from raising policy defenses to coverage and is done at the insurer's peril. *Employers Ins. of Wausau v. Recticel Foam Corp.,* 716 N.E.2d 1015, 1029 n. 16 (Ind. Ct. App. 1999).

Travelers notified Plaintiffs it intended to provide a defense under a reservation of rights. Plaintiffs refused this defense.  Travelers then filed the Counterclaim for Declaratory Judgment as was their right under Indiana law.  As the filing of the Counterclaim was their right under Indiana law, under no set of circumstances can Plaintiffs show that the allegations in Travelers' Counterclaim for Declaratory Judgment are so unrelated to Plaintiffs' Complaint "as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery,* 247 F.Supp.2d at 982. Therefore, the court, in its discretion, **DENIES** Plaintiffs' Motion to Strike Defendant's Counterclaim for Declaratory Judgment.

### III. Conclusion

For the reasons set forth above, the court **DENIES** Plaintiffs' Motion to Strike Defendant's Counterclaim for Declaratory Judgment (Docket # 21).

**SO ORDERED** this 17th day of July 2007.

                                                RICHARD L. YOUNG, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Electronic Copies to:

Christian P. Jones
BARNES & THORNBURG LLP
christian.jones@btlaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

D. Lance Wittry
WITTRY & WITTRY LAW OFFICE
lance@lawyerindiana.com

Lewis S. Wooton
LEWIS & WAGNER
lwooton@lewiswagner.com